986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Maggie HARREL, Plaintiff-Appellant,
v.
WAL-MART GROUP HEALTH PLAN, Defendant-Appellee.
 No. 92-5173.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The issue in this case is whether the district court properly granted summary judgment to Wal-Mart Group Health Plan because it was undisputed that Maggie Harrel was not an employee of Wal-Mart on January 28, 1991, when she incurred medical expenses for which she now seeks compensation, and she did not elect continuation coverage.
 
 
 3
 We review an order granting summary judgment by the same standards as the trial court. Considine v. Board of County Comm'rs, 910 F.2d 695, 699 (10th Cir.1990). If no genuine issue of material fact exists, the movant is entitled to summary judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). We do not, however, weigh the evidence or adjudge credibility on the basis of affidavits. If a dispute as to a material fact exists, then summary judgment is inappropriate.
 
 
 4
 We conclude the district court was in error that there did not exist a material dispute as to Ms. Harrel's employment status on January 28, 1991, and accordingly reverse the grant of summary judgment.
 
 
 5
 * The district court determined there was no dispute Ms. Harrel was terminated from her employment on January 26, 1991, and that this was two days prior to the medical operation for which she seeks compensation. It also determined she received notification of termination and of her right to continuation coverage on February 10, 1991, and that she failed to elect continuation coverage within the allotted time. Because she was terminated on January 26, 1991, and neglected to elect continuation coverage, the district court granted Wal-Mart Group Health Plan summary judgment with respect to claims for medical expenses incurred by Ms. Harrel on January 28, 1991.
 
 
 6
 Ms. Harrel contends the district court was in error that it was undisputed she was terminated on January 26, 1991. This fact is clearly material as Ms. Harrel is presumably entitled to reimbursement of medical expenses incurred while she was an employee of Wal-Mart. If she was an employee on January 28, 1991, she may be entitled to her medical expenses notwithstanding her failure to elect continuation coverage.
 
 II
 
 7
 Wal-Mart Group Health Plan's motion for summary judgment repeatedly stated that it was an undisputed fact that Ms. Harrel's employment "ended" on Saturday, January 26, 1991. The motion had attached thereto certain evidentiary material establishing this fact including: (1) excerpts of Ms. Harrel's deposition wherein she testified that when she applied for unemployment benefits she stated her employment ended on January 26, and that she submitted this application on January 26; (2) a Wal-Mart record entitled "Notice of Separation" evidencing that Ms. Harrel was terminated on January 26, and that an "exit interview" had been conducted; and (3) another Wal-Mart record entitled "Associate Exit Interview" showing that Ms. Harrel had voluntarily terminated her employment on January 26 due to the fact she was dissatisfied with her work hours.
 
 
 8
 Ms. Harrel responded to this motion for summary judgment by attaching her affidavit and excerpts from a Wal-Mart employee's deposition. In her affidavit she recited: "I did not quit my employment, nor was I asked to resign." She also stated that several days after January 26 she went in to receive her paycheck and was asked to sign a "letter of resignation," which she refused to sign. Ms. Harrel also attached a payroll stub from Wal-Mart evidencing the deduction of medical insurance in April 1991. The deposition evidence shows that after January 26, and prior to her surgery, she requested a "leave of absence" which the Wal-Mart employee thought was unusual but permitted her to execute, but did not approve.
 
 
 9
 Wal-Mart Group Health Plan, as the moving party, met its initial burden. The clearly established gist of Wal-Mart Group Health Plan's evidentiary materials was that Ms. Harrel's employment ended on January 26, 1991, due to her voluntary resignation because she was dissatisfied with her working hours. As the moving party met its burden, the burden shifted to the nonmoving party to demonstrate a dispute existed concerning a material fact. Ms. Harrel met her burden. She specifically denied she had quit. In support of her denial, she produced evidence consistent with her continued employment, i.e., a request for a leave of absence and a later request to sign a letter of resignation. Ms. Harrel further attached to her response a paycheck stub for the pay period April 6, 1991, to April 19, 1991, evidencing a deduction for medical insurance. The nonmoving party has the obligation to set forth specific facts showing the genuine factual issue. Ordinarily, the mere denial of a fact is not sufficient to defeat a motion for summary judgment; however, in the case before us Ms. Harrel coupled her denial with additional facts including the request for a letter of resignation and a subsequent payroll deduction. Wal-Mart Group Health Plan filed a reply showing the later payroll deduction was not what it appeared to be; however, factual issues are not to be resolved with affidavits.
 
 
 10
 We therefore conclude and hold that a genuine issue of material fact existed as to whether Ms. Harrel's employment was ended on January 26, 1991. The judgment of the district court is REVERSED and REMANDED to the district court for such other and further proceedings as might be just and proper.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3